IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-252    (JCN: 2022017882)**

**MATTHEW KNIGHT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] ("ACNR"), appeals the October 17, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Matthew Knight filed a timely[2] response.[3] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's January 15, 2022, order denying the addition of other intervertebral disc displacement of the lumbar spine as a compensable diagnosis in Mr. Knight's claim, and the claim administrator's January 14, 2022, order closing his claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] For reasons not readily apparent in the appendix record, the parties have substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, __ W. Va. __, __, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] Respondent's motion to file the respondent's brief and appendix out of time was granted by order dated December 27, 2022.

[3] Petitioner is represented by Aimee M. Stern, Esq. Respondent is represented by Christopher J. Wallace, Esq.

1

Mr. Knight, then twenty-three years old, sustained a work-related lifting injury on March 4, 2022, while employed as a mineworker at ACNR. He was lifting heavy objects off a belt structure when he felt a sudden and sharp pain in his lower back. He reported to MedExpress with complaints of low back pain. Mr. Knight had no prior history of back pain. He was assessed with strain of the muscle, fascia, and tendon of lower back. Mr. Knight and the provider completed the workers' compensation application for benefits on March 4, 2022. The physician's portion indicated that Mr. Knight suffered a lumbar strain and would be unable to work for one week. As a result of the application, the claim administrator issued an order dated March 11, 2022, holding the claim compensable for strain of muscle, fascia, and tendon of lower back.

Mr. Knight returned to MedExpress on March 6, 2022, for a follow-up, complaining of low back pain and tingling down to his left knee. The assessment on that date was lumbar sprain and lumbosacral radiculopathy. An MRI of Mr. Knight's lumbar spine was performed on March 24, 2022, and revealed a moderate disc herniation and annular tear at the L4-5 level. Mr. Knight was referred for a neurosurgical evaluation and physical therapy.

On March 25, 2022, Mr. Knight was evaluated by First Settlement Physical Therapy where he reported back pain, decreased lumbar range of motion, left lower extremity weakness due to low back pain, soft tissue dysfunction, and gait/postural abnormalities. The physical therapist recommended a total of twenty-four physical therapy visits.

Mr. Knight was seen at the WVU Department of Neurosurgery on May 3, 2022, for an initial evaluation, where he presented with complaints of lower back pain. He was assessed with low back pain, lumbar disc herniation, and annular tear of lumbar disc.

On May 27, 2022, Mr. Knight was seen by Prasadarao Mukkamala, M.D., for an IME at ACNR's request. Dr. Mukkamala opined that Mr. Knight's work injury had resulted in a lumbar strain. He found that Mr. Knight was at maximum medical improvement ("MMI") as to the lumbar strain and in need of no further medical treatment. Dr. Mukkamala opined that Mr. Knight could return to work with no restrictions.

Mr. Knight returned to MedExpress again on May 30, 2022, reporting low back pain, muscle spasms, and occasional tingling in his left leg. He was assessed with other lumbar intervertebral disc displacement.

By notice dated June 1, 2022, the claim administrator suspended Mr. Knight's TTD benefits based on Dr. Mukkamala's finding that Mr. Knight had reached MMI. In response, a provider at MedExpress submitted a Diagnosis Update form dated July 12, 2022, requesting that lumbar herniated disc (other intervertebral disc displacement) be added as a compensable diagnosis in the claim. On July 14, 2022, the claim administrator issued an order closing TTD benefits and another on July 15, 2022, denying the addition of the

secondary condition as requested in the Diagnosis Update. Mr. Knight protested both orders.

At ACNR's request, Dr. Mukkamala submitted an addendum report dated September 1, 2022, opining that Mr. Knight's lumbar disc herniation was preexisting and not causally related to the compensable injury of March 4, 2022. Dr. Mukkamala stated that he found no credible objective medical evidence to add the lumbar disc herniation to the compensable injury.

Mr. Knight thereafter submitted an affidavit dated September 13, 2022. The affidavit stated that he injured his low back while lifting at work on March 4, 2022; that after the injury he developed low back pain radiating into his left leg with associated numbness and weakness; that he was thereafter diagnosed with the lumbar disc herniation that his doctor believed was related to the March 4, 2022, injury; and that he had never experienced persistent low back pain or lower extremity numbness and weakness prior to the work injury, or received any medical treatment for these symptoms prior to the March 4, 2022, injury.

The Board found that the objective evidence of record clearly established that Mr. Knight had a lumbar disc herniation, observing that Mr. Knight's treating provider opined that the herniation was causally related to the work injury, while Dr. Mukkamala opined that it was unrelated and preexisting. After weighing the evidence, the Board found that the weight of the evidence supported the findings and conclusions of Mr. Knight's treating provider. The Board found that there was no evidence to refute Mr. Knight's assertion that he had no preexisting back or lower extremity symptoms, but that the record was replete with evidence that he needed frequent and ongoing treatment following the compensable injury of March 4, 2022. The Board found that Mr. Knight's sudden development of persistent symptoms following the injury, and the absence of any symptoms prior to the injury, corroborated the treating provider's opinion that the lumbar disc herniation was related to the March 4, 2022, injury, and refuted Dr. Mukkamala's opinion that the lumbar disc herniation was a preexisting condition. By order dated October 17, 2022, the Board reversed the claim administrator's orders and ordered that intervertebral disc displacement of the lumbar spine be added as a compensable diagnosis in the claim and that TTD benefits be granted from the date of suspension and continuing thereafter as substantiated by proper evidence. It is from this order that ACNR now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

3

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, ACNR argues that the Board erred by not concluding that Mr. Knight's lumbar herniated disc preexisted his March 4, 2020, injury. In support, ACNR points to Dr. Mukkamala's September 1, 2022, addendum in which he opined that the disc herniation was a preexisting condition. ACNR also argues that the presence of degenerative findings on Mr. Knight's MRI completed twenty days after the injury corroborates Dr. Mukkamala's conclusion. ACNR further asserts that the Diagnosis Update form failed to explain why the herniated disc was caused by the March 4, 2020, injury considering the presence of those degenerative changes.[4]

Upon review, we find no error in the Board's decision to reverse the claim administrator's orders. When the Board conducts its administrative review of an objection to a claim administrator's decision, it must weigh all the evidence pertaining to an issue and find that a preponderance of the evidence supports its conclusions. The process of weighing the evidence includes considering relevance, credibility, materiality, and reliability that the evidence possesses in the context of the issue. *See* W. Va. Code § 23-4-1g (2003). The Board's consideration of the medical evidence of record, including the competing opinions of Mr. Knight's treating providers and the IME provider, Dr. Mukkamala, resulted in the Board finding that the weight of the evidence supported the conclusion that Mr. Knight's herniated lumbar disc was causally related to his workplace injury. The Board found this was validated by the absence of any preexisting symptoms, and the sudden and persistent development of symptoms after the work injury, and by the corroborating opinions of Mr. Knight's treating providers. Because the Board found that the preponderance of the evidence showed that the secondary condition was causally

---

[4] ACNR also seems to make an argument that the Board erred in finding that Mr. Knight's compensable lumbar strain had not reached MMI. As this was not a finding or conclusion reached by the Board in its October 17, 2022, order, we decline to address this argument.

related and was therefore compensable, it was appropriate to grant TTD benefits accordingly. As such, there is no basis to reverse or modify the Board's order, and we find that ACNR is entitled to no relief.

Accordingly, we affirm the Board's October 17, 2022, order.

Affirmed.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen